## TIMOTHY WIGGIN *versus* THE AMERICAN INSURANCE COMPANY.

Where an underwriter assented to an assignment of the policy, "reserving his rights expressed in the policy," and by the terms of the policy any loss was to " be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the underwriter from the insured when such loss becomes due, being first deducted," it was *held*, in an action by the assignee to recover a loss, that the underwriter was entitled to deduct the amount of premium notes given by the assignor for policies underwritten subsequently in the ordinary course of business, and without any fraudulent intent to defeat the assignment.

In the same action it was *held*, that the underwriter, having a claim against the assured on a bottomry bond, had a right to deduct the amount of his claim from the loss on the policy, and was not obliged to resort to the surety on the bond, though solvent, in relief of the assignee of the policy.

THIS was an action upon the policy mentioned in the preceding case, dated February 8th, 1834, whereby the defendants caused Barrett & Brown to be insured $10,000, on coffee on board the brig Soule, at and from Boston to Antwerp.

The parties stated a case, in which it is agreed, that Barrett & Brown also procured a policy of the same date for the sum of $10,000, on the same property, to be made by the Suffolk Insurance Company, (being the subject of the preceding case.)

The brig sailed from Boston to Antwerp on the 14th of February, 1834, with coffee on board belonging to Barrett & Brown, to the amount of $17,185·19, and has never since been heard of.

Barrett & Brown made the following indorsement on the policy underwritten by the American Insurance Company :—"Boston, June 23d, 1834. Pay the within, in case of loss, for value received, to Timothy Wiggin, Esquire, London ;" and upon the presentation of the policy thus indorsed to the officers of the insurance company, they subjoined the following words :—" The company hereby agree to the above assignment and order to pay in case of loss, reserving their rights expressed in the policy."

The policy contains this clause :—" In case of loss, such loss shall be paid in sixty days after proof and adjustment thereof, the amount of the premium note, if unpaid, and all sums due to the company from the insured when such loss becomes due, being first deducted."

It is admitted by the plaintiff, that both of the insurance companies are solvent ; and it has been agreed, as well between the companies, as between the plaintiff and the defendants in this suit, that the two policies shall be considered to have been executed simultaneously.

Prior to the making of the policies, viz. on the 17th of September, 1833, the defendants had lent to Barrett & Brown the sum of $7,000, for one year, on bottomry upon the brig .Tim. In consequence of the non-payment of the bottomry bond the brig was taken possession of by the defendants, and was sold by public auction in April, 1835 ; and the net proceeds, amounting to $4,861, were appropriated in part payment of the bond.

The defendants also hold seven premium notes against Barrett & Brown, three of them made before, and four of them after, the assignment of the policy to the plaintiff.

The defendants contend, that the plaintiff is not entitled to recover against them more than a moiety of the amount of Bar-.ett & Brown's actual loss of coffee on board the Soule, and that from that moiety should be deducted the balance due on the bottomry bond and the amount due on the seven premium notes ; and on the 7th of July, 1835, they paid to the plaintiff accordingly the sum of $4,345·28, under an agreement that it should have the same effect as if paid into court upon the common rule.

It is admitted by the defendants, that this suit is defended at the expense of John Dorr, the surety on the bottomry bond, but he has not made any stipulation to waive any defence which he may have against the defendants' claim on the bond if the plaintiff should prevail in this suit. It is also admitted that Dorr is solvent.

The parties agree that a nonsuit or default shall be entered, according to the opinion of the Court.

*C. P. Curtis* and *B. R. Curtis*, for the plaintiff. The premium notes taken by the defendants subsequently to the assignment to the plaintiff, cannot be set off in this action, for the rights reserved by the defendants could not be understood to include a right to absorb the whole amount of the policy by new credts to the assignors. *Jenkins v. Brewster*, 14 Mass. R. 291 ; *Sargent v. Southgate*, 5 Pick. 320.

*March 8th,*
*1837.*

Wiggin
v.
American
Ins. Co.

In regard to the bottomry bond this case differs from the suit against the Suffolk Insurance Company, because it is defended for the benefit of a surety on the bond. If the sum due on the bond is deducted from the plaintiff's claim, and if Barrett & Brown were solvent, the plaintiff would call on them to reimburse what he thus applies to their use ; and Dorr must stand on the same footing with those for whom he is surety, and is not to be relieved by the plaintiff. If the plaintiff is considered as a surety for the sum due on the bond, he is a surety subsequent to Dorr, and in case his money shall be applied to the bond, he will stand in the place of the defendants, and will have a remedy over against the parties to the bond. To avoid circuity of action, therefore, the defendants will not be allowed to set off the sum due on the bond against the plaintiff's loss on the policy. Theobald on Pr. and Surety, 266, 269, 270, 252 ; *Craythorne* v. *Swinburne*, 14 Ves. 160; Story on Equity, § 498, 499 ; *Wright* v. *Morley*, 11 Ves. 12.

*Sprague, W. J. Hubbard* and *Watts, contrà.* The defendants place their claim of set-off upon the ground of a special contract, by which " their rights, as expressed in the policy," were reserved. It was a source of profit to them to insure for Barrett & Brown, and the parties contemplated that they would continue to make insurance as before. The defendants received no consideration for giving up the security which this policy afforded them for future, as well as present demands against the assured. We admit that in giving further credit to Barrett & Brown, the defendants must act *bonâ fide*, and not for the purpose of defeating the assignment to the plaintiff.

The defendants are bound to deduct from the loss on this policy the sum due on the bottomry bond, for otherwise they would discharge their claim against Dorr. They have no right to look to the surety when they have in their hands a fund belonging to the principal. Story on Equity, § 323 *et seq.* ; *Capel* v. *Butler*, 2 Sim. & Stuart, 457 ; *Mayhew* v. *Crickett*, 2 Swanst. 185 ; *Law* v. *East India Co.* 4 Ves. 824 ; 2 Hovenden on Frauds, 175 ; *Baker* v. *Briggs*, 8 Pick. 128, and authorities there cited.

March 13th,
1837.

*Per Curiam.** Generally, in the case of an assignment of

---

\* *Shaw* C. J. did not sit in this case.

a chose in action, a new demand against the assignor, arising after notice of the assignment has been given to the debtor, cannot be set up against the assignee. But in this case the defendants assented to the transfer of the policy only upon a reservation of "their rights expressed in the policy." They wanted security as well for future, as for present claims against Barrett & Brown. The terms of the reservation are general; the plaintiff took the assignment subject to them; and he cannot avoid their operation except by proving fraud. He stands as Barrett & Brown would have done had there been no assignment, and as against them the defendants would have had a right to deduct from the loss the sums due on all the premium notes and on the bottomry bond.

The plaintiff argues, in respect to the bond, that the defendants have a right of action against Dorr, the surety; that if the sum due on it shall be deducted from the loss on this policy, the plaintiff will stand in their place and be entitled to recover the same sum from Dorr; and that, therefore, in order to avoid circuity of action, the deduction ought not to be permitted. But this ground is untenable, for the plaintiff could not sue Dorr in an action at law on the principle of substitution; which is a doctrine of a court of equity. The defendants may lawfully say that they will not stand between the plaintiff and Dorr, but will assert their rights against the plaintiff.